# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 40655** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Dioderson AUGUSTIN** | ) | |
| **Senior Airman (E-4)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 1** |

On 29 March 2024, at Tyndall Air Force Base, Florida, a general court-martial consisting of officer members found Appellant guilty, contrary to his pleas, of two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 920, and one specification of indecent conduct, in violation of Article 134, UCMJ, 10 U.S.C. § 934.[1] At trial, the military judge sentenced Appellant to confinement for 36 months, reduction to the grade of E-1 and a dishonorable discharge.

On 20 May 2024, Appellant submitted a clemency request asking the convening authority, *inter alia*, to defer "the automatic forfeitures mandated by his sentence."

On 11 June 2024, the convening authority took no action on the findings or sentence. In the decision on action memorandum, the convening authority denied Appellant's request for deferment of automatic forfeitures because the "punishment appropriately addresses the nature of [Appellant]'s offenses." Despite this decision, on 2 July 2024, the military judge signed a copy of the entry of judgment (EoJ) where the section of the EoJ titled "Deferments" reads "N/A."

According to Rule for Courts-Martial 1111(b)(3)(A), if an accused requests that any portion of the sentence be deferred, "the *judgment shall* specify the nature of the request, the convening authority's action, the effective date if approved, and, if the deferment ended prior to the [EoJ], the date the deferment ended." *Manual for Courts-Martial, United States* (2024 ed.) (emphasis added.) In Appellant's case, the EoJ should have shown the "nature of [Appellant's] request" for deferment of the automatic forfeitures. Specifically, the EoJ

---

[1] Unless otherwise stated, references to the UCMJ and Rules for Courts-Martial are to the *Manual for Courts-Martial, United States* (2019 ed.).

should reflect the request, the convening authority's action on the request, and the effective date and length of any relief granted by the convening authority. *Id.*

On 13 November 2025, this court issued an order directing the Government to show good cause as to why this court should not remand the record of trial to correct the EoJ. On 19 November 2025, the Government filed an answer to the court's order, stating this court should decline to remand the record for correction. The Government proposed this court "simply find the error in the EoJ nonprejudicial and the omission, a minor error." In the alternative, the Government proposed "for judicial economy, this [c]ourt could . . . modify the EoJ itself." We are not persuaded by the Government's arguments, and decline to correct the error ourselves.

"A record of trial found to be incomplete or defective before or after certification may be corrected to make it accurate." R.C.M. 1112(d)(2). "A superior competent authority may return a record of trial to the military judge for correction under this rule." *Id.* "If a case is remanded to a military judge, the military judge may modify the judgment consistent with the purposes of the remand." R.C.M. 1111(c)(3). "Defective or incomplete [records of trial] may be forwarded by the superior competent authority to the Chief Trial Judge for correction. The Chief Trial Judge may detail a subordinate trial judge to correct the [record of trial] in accordance with R.C.M. 1112(d)(2)." Department of Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 21.15.1 (24 Jan. 2024).

Accordingly, it is by the court on this 20th day of November, 2025,

**ORDERED:**

The record of trial is **REMANDED** to the Chief Trial Judge, Air Force Trial Judiciary, for correction of the entry of judgment. Article 66(f)(3), UCMJ, 10 U.S.C. § 866(f)(3); R.C.M. 1111(c)(3), 1112(d)(2). Thereafter, the record of trial will be returned to this court for completion of its review under Article 66, UCMJ.

Not later than **19 December 2025**, counsel for the Government will inform the court in writing of the status of compliance with this order unless the record of trial has been returned to the court prior to that date.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court